1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

9

DR. DAVID LUXTON, an individual,

10

Plaintiff,

11

12

v.

13

WASHINGTON STATE DEPARTMENT
OF VETERANS AFFAIRS, a government
agency,

14

15

Defendant.

16

**CASE NO. 3:23-cv-5238**

**COMPLAINT FOR
DECLARATORY RELIEF AND
FOR DAMAGES**

**JURY DEMANDED**

17

I.   **INTRODUCTION**

18

1.   Plaintiff, Dr. David D. Luxton, is an honorably discharged member of the U.S. Armed

19

Forces and a licensed clinical psychologist. He was summarily terminated from the

20

Washington State Department of Veterans Affairs (WDVA) in violation of the

21

Washington Law Against Discrimination and in violation of his Constitutional Rights.

22

He comes to this Court for a declaration of his rights and for monetary damages to be

23

24

made whole.

25

26

## II.    <u>VENUE AND JURISDICTION</u>

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 where there are federal questions under the Free Exercise Clause of the United States Constitution and § 1343 where civil rights have been infringed.

3. Venue is proper in this Court where the Defendant is headquartered within this District, and the acts complained of occurred in this District, pursuant to 28 U.S.C. § 1391.

## III.    <u>PARTIES</u>

4. Plaintiff Dr. Luxton is a citizen of the State of Washington, residing in the Western District.

5. Defendant Washington State Department of Veterans Affairs (WDVA) is a governmental agency headquartered in Olympia, Washington.

## IV.    <u>FACTS</u>

6. Plaintiff has filed his tort claim with the State of Washington Department of Enterprise Services, Office of Risk Management.

7. More than 60 days has elapsed from the date of filing his tort claim. Wash. Rev. Code § 4.92.110.

8. Plaintiff filed a charge against defendant with the U.S. Equal Employment Opportunity Commission (EEOC), Seattle Field Office, on November 9, 2021. The EEOC issued Notice of Right to Sue letter on February 21, 2023.

9. Dr. Luxton was hired for the position of Director, Counseling and Wellness Programs (Washington Management System Band 3) by the WDVA in August 2021 and began

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

2

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

work on September 1, 2021. Dr. Luxton had previously been employed by the State of Washington since April 16, 2016, in administrator and director roles.

10. Dr. Luxton served in an administrative and supervisory capacity with WDVA and was not a direct care health care provider, nor was he assigned to work in a medical care facility or long-term care facility.

11. Dr. Luxton's position, as defined in his job description and in practice, did not require **regular face-to-face** interaction or coordination of work with other employees.

12. Dr. Luxton's position description stated, "…Up to 100% telework authorized based on WDVA mission requirements."

13. Dr. Luxton's supervisor was authorized and working via telework up to and during the time of the mandate, as was the individual employee whom Dr. Luxton replaced.

14. Dr. Luxton was also authorized to work in-office, around others, and chose freely when to work in-office, up until he was terminated on October 18, 2021.

15. Dr. Luxton was a valued employee with vast experience who was continuously employed by the State of Washington from April of 2016, and through the COVID-19 pandemic, up until he was terminated on October 18, 2021.

16. Dr. Luxton was interviewed by the WDVA, and an initial job offer was made prior to issuance of the Governor's Proclamation 21-14 COVID-19 Vaccination Requirement of August 9, 2021.

17. The WDVA sent Dr. Luxton a revised job offer letter on August 13, 2021, with start date of September 1, 2021.

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

18. The job announcement, job description, job application, and job offer letters for Dr. Luxton's position did not mention any vaccine requirements for the position, nor was any vaccine requirement or an inability to accommodate an exemption from one disclosed during the hiring or onboarding processes.

19. In 2021, Washington State Governor Jay Inslee took a series of executive acts which required certain civil servants to become vaccinated against COVID-19.

20. Proclamation 21-14.2, which was in force on October 18, 2021, provided that "State agencies....***must*** provide any disability-related reasonable accommodations and sincerely held religious belief accommodations to the requirements of this Order that are required under the American with Disabilities Act of 1990 (ADA), the Rehabilitation Act of 1973 (Rehabilitation Act), Title VII of the Civil Rights act of 1964 (Title VII), the Washington Law Against Discrimination (WLAD), and any other applicable law" (emphasis added).

21. Proclamation 21-14.2 likewise stated that state agencies ***must comply*** with the procedures required under the above-noted laws and any other applicable laws when considering and deciding whether to provide accommodations" (emphasis added).

22. Both Title VII and WLAD require restrictions to constitutional rights to be enforceable only if they are narrowly tailored to further a compelling government interest. *See also Hegwine v. Longview Fibre Co., Inc.* 132 Wash. App. 546, 132 P.3d 789 (2006*), rev. granted*, 153 P.3d 195, *aff'd*, 172 P.3d 688 (2007) ("The provisions of the Washington Law Against Discrimination (WLAD) are liberally construed and exceptions narrowly confined.").

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

4

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

23. Gov. Inslee's General Counsel Kathryn Leathers coordinated the exemption language with the Attorney General's Office and wrote in an August 3, 2021, email "Exemptions: medical for sure; **and religious (if we have to; if yes, as narrow as possible)**" (emphasis added).

24. Governor Inslee's COVID-19 Vaccination Proclamation, as amended *required* accommodation for sincere religious belief.

25. Pursuant to Governor Inslee's COVID-19 Vaccination Proclamations, Dr. Luxton submitted a religious exemption and request for accommodation.

26. WDVA found that Dr. Luxton's request for religious exemption was based on a sincerely held religious belief.

27. Even after WDVA had accepted Dr. Luxton's religious beliefs as sincere, the Director of WDVA challenged Dr. Luxton's religious beliefs, which not only was harassment, but was an act done contrary to established law (*e.g., United States v. Zimmerman,* 514 F.3d 851 (9th Cir. 2007)).

28. The WDVA did not follow their own policy regarding exemptions and accommodations.

29. The WDVA did not have a policy specific to consider accommodations for employees granted a religious exemption, but instead applied their reasonable accommodation policy for medical exemptions to all religious exemptions.

30. Dr. Luxton requested exemption and reasonable accommodation policies specific to the vaccine mandate and was told by Human Resources and his supervisor that there were not any specific policies other than the existing reasonable accommodation policy. After Dr. Luxton's first request for policies and procedures, Human Resources provided him

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

with a copy of the Governor's Proclamation 21.14, WDVA Vaccine Requirement Guidance Proclamation 21-14 COVID-19 Vaccination Requirement, and the reasonable accommodation policy on September 15, 2021.

31. WDVA claimed that it was unable to offer a reassignment based on the directives issued by Human Resources.

32. The WDVA claimed that Dr. Luxton could not be accommodated because he was "a threat to the health or safety of yourself and others in the workplace," and "…that a significant risk of substantial harm is posed by having someone present in the workplace who may be infected with COVID-19, with or without symptoms."

33. After denial of accommodation, Dr. Luxton requested, in writing, an explanation from Human Resources for how the essential functions of the work as specified in his position description pose a risk or threat to the health or safety of himself and others in the workplace. He also requested risk ratios or other statistic showing relative risk for what risk he personally posed to the health or safety of himself and others in the workplace. The Defendant failed to provide requested explanation and responded with an identical generic response to each request…, "As your position interacts directly, and in person, with staff, clients, customers, and the general public, a COVID vaccination is required per proclamation 21.14. Please refer to the attached proclamation for further information from the Governor's office."

34. The Defendant's claim that Dr. Luxton posed a threat to the health or safety of himself and others in the workplace compared to vaccinated persons was false and is arbitrary and capricious.

6

35. The Defendant applied a global accommodation policy without an interactive dialogue.

36. The Defendant and State of Washington health officials had access to information that the vaccines did not stop transmission of the "Delta" variant specifically cited as the rationale for the vaccine mandate in Washington Governor Jay Inslee's Proclamation 21-14.2, and in the Defendant's denial of a reasonable accommodation.

37. A statement from CDC Director Rochelle P. Walensky, MD, MPH, was issued and publicly available on the CDC website on July 30, 2021, before Washington Governor Jay Inslee's Proclamation 21-14.2, that stated, "... data were published in CDC's Morbidity and Mortality Weekly Report (MMWR), demonstrating that Delta infection resulted in similarly high SARS-CoV-2 viral loads in vaccinated and unvaccinated people. High viral loads suggest an increased risk of transmission and raised concern that, unlike with other variants, vaccinated people infected with Delta can transmit the virus."

38. Breakthrough cases in Washington State from July 17, 2021, to July 9, 2022, alone records 636,766 fully vaccinated individuals contracting COVID-19.

39. The Department of Health (DOH) also released notice of rising breakthrough cases as early as March 29, 2021.

40. On July 16, 2021, King County Public Health staff were notified of a staff party wherein fully vaccinated individuals tested positive for COVID-19 after the staff party. Exhibit A.

41. Shortly thereafter, in July 2021, Jeffrey Duchin, Chief Communicable Disease Epidemiology and Immunization Section, Public Health for Seattle and King County,

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

and Professor of Medicine, Division of Infectious Diseases, University of Washington, admitted that 37% of new cases of COVID-19 were in vaccinated individuals. Exhibit B.

42. Dr. Duchin also acknowledged awareness of the well-publicized COVID-19 outbreak in Provincetown, Massachusetts after a Fourth of July celebration, where according to Steve Katsurinis, chair of the Provincetown Board of Health, 469 cases reported among Massachusetts residents alone, 74 percent were in people who were fully immunized. That number grew to 765 cases overall. Exhibit C.

43. Indeed, just prior to terminating Plaintiffs, CDC released a report on or about September 10, 2021, regarding a Norwegian Encore cruise ship returning to port in Seattle because of a large outbreak of COVID-19 with approximately 118 cases, despite its 100% vaccinated traveler status of both passengers and crew, as well as negative test prior to boarding. Health officials recognized, "This is crazy. 118 cases. All vaccinated and ALL tested negative prior to embarkation." Exhibit D.

44. Dr. Duchin also knew that deaths were uncommon overall and the number of deaths among cases is low, combined with the high likelihood that many fully vaccinated individuals were not seeking testing due to mild or asymptomatic illness, therefore increasing the proportions of the most severe outcomes.

45. This denies the narrative that vaccination was needed to prevent deaths from unvaccinated to vaccinated, which was not only misleading in that the vaccine did not prevent transmission, it was also misleading regarding the proportion of those testing positive who actually died as a result of infection. Defendant knew at the time it terminated Plaintiff that the vaccine provided therapeutic support at best.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

8

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

46. Therefore, at the same time Defendant knew that vaccination did not prevent transmission or infection, Defendant continued to push for a vaccination only policy in lieu of termination.

47. The available vaccines were developed quickly to protect those who were at highest risk of getting seriously ill from COVID-19, especially the elderly and those with multiple co-morbidities.

48. Pfizer officials have admitted that its vaccine was not tested for preventing transmission or infection.

49. It is now universally admitted that the vaccinated can contract and transmit COVID-19.

50. Even if the vaccine did stop transmission, Dr. Luxton provided several suggested accommodations including a continuation of procedures already in place and practiced, including scheduling office attendance, symptom screening, utilization of masks, social distancing, and teleworking.

51. All of these accommodations had been utilized successfully with no undue burden to Defendant throughout the COVID-19 period, with telework having been specifically authorized and fully utilized by Dr. Luxton and his supervisor up to the time of COVID-19 and thereafter.

52. Dr. Luxton's supervisor, Mary J. Forbes, had been teleworking at 100% well before Dr. Luxton became employed by the WDVA.

53. Dr. Luxton's supervisor admitted to him that she was recalled to the office, over her ADA accommodation, for the express purpose of discontinuing allowance of full telework and enforcing the vaccine mandate.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

9

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

54. In addition to Dr. Luxton's supervisor teleworking, all of his supervisees were authorized and able to perform their necessary work functions while teleworking, and if in-person interaction became necessary, they were authorized to use procedures already in place and practiced.

55. Dr. Luxton was accomplishing all assigned duties, including meeting with clients, supervisees, agency staff, and the public with practices already in effect, including teleworking, from the start of his employment until his termination, and there were not any essential functions that he could not have done or that would have required other employees to do in his place if practices already in place were continued.

56. Dr. Luxton did not receive an individualized assessment or interactive dialogue to discuss accommodation options prior to the decision to terminate.

57. The failure to provide an individualized assessment through an interactive dialogue was in violation of the words of the Proclamation itself and violates long-standing constitutional requirements of Title VII and WLAD.

58. The speed at which exemptions were processed absolutely solidifies the statement that the Defendant was physically unable to have complied with their own policy and federal and state law regarding a legitimate and transparent, interactive accommodation process.

59. Specifically, with respect to Dr. Luxton, the WDVA did not engage in any interactive process as evidenced by, without limitation, the short time between Dr. Luxton's submission of materials and WDVA response, with multiple patent errors in those responses including the type of exemption requested.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

10

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

60. Defendant relied entirely on "job descriptions" in deciding whether to offer accommodations to Dr. Luxton and did not have any individualized and interactive discussions with Plaintiff prior to the decision to terminate him.

61. Dr. Luxton's supervisor, who is also the Appointing Authority, admitted to him that she was not involved in review of his job duties and reasonable accommodation request, whereas she had usually and previously been involved in the accommodation review process of her supervisees.

62. Defendant failed to follow their own Reasonable Accommodation policy that was in effect that required the employee to "…Communicates limitations to supervisor," and supervisor to, "Contacts the Human Resource Office after receiving request from employee or to discuss observed limitations with employee without a request," and Human Resources, "Reviews request with supervisor and employee within 30 days. Works directly with employee and/or their health provider to obtain additional medical information as necessary. Discusses options with employee and supervisor. Makes recommendation to Appointing Authority."

63. WDVA failed to provide "a reasonable accommodation to eliminate the conflict with" Dr. Luxton's religious beliefs. *Suarez v. State*, 23 Wash. App. 2d 609 (2022), *review granted in part, denied in part*.

64. Defendant identified no undue hardship facts that prevented the accommodation of Dr. Luxton or any evidence that continuance of accommodations already in place would fundamentally alter the nature of the service, program, or activities required of Dr. Luxton's position.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

11

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

65. Defendant demanded Dr. Luxton have no possibility of exposure to the public but did not require the same term of employment for the vaccinated, who can spread COVID-19 despite vaccinated status while remaining in public exposure jobs.

66. Defendant required religious objectors to remove all risk of infection or transmission, but did not require this from secular employees, resulting in religious objectors being treated differently and at significant disadvantage to secular employees, who were allowed to reinfect and transmit to others.

67. Dr. Luxton appealed the denial of accommodation decision directly to the WDVA Director, in person, and his supervisor, via teleconference, after Defendant denied him a reasonable accommodation and notified him of termination, and they provided no remedy.

68. When Dr. Luxton met with WDVA Director Alfie Alvarado-Ramos to discuss Defendant's denial of accommodation, Ms. Alvarado-Ramos stated she would talk to Deputy Director David Puente, Jr., about Dr. Luxton's accommodation request. Dr. Luxton did not hear from Deputy Director David Puente, Jr., nor was there any subsequent follow-up or consultation by Human Resources or Dr. Luxton's supervisor regarding any additional accommodation options.

69. When Dr. Luxton met with WDVA Director Alfie Alvarado-Ramos, she questioned his religious beliefs and decision to not receive the available vaccines. Dr. Luxton had already been granted a religious exemption, and Ms. Alvarado-Ramos did not even address accommodations but instead harassed Dr. Luxton on the sincerity of his faith.

70. Refusing to offer accommodations, Dr. Luxton was notified of his termination.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

12

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

71. Dr. Luxton has not been paid since, on or about, October 18, 2021.

72. Dr. Luxton has not received contributions to his retirement benefits since, on or about, October 18, 2021.

73. At all times from and after the alleged termination, Dr. Luxton has been entitled to wages and benefits.

74. Those wages and benefits due to Dr. Luxton were knowingly and intentionally withheld by the actions and/or inactions of the Defendant.

75. It is now acknowledged by the CDC that the mandated vaccine does not stop infection or transmission and that the unvaccinated should not be treated differently than the vaccinated.

76. The single benefit of the COVID-19 vaccine, as even the government admits, is to protect a person from severe illness or death, but even that benefit is disputed, and clearly, even if there is any benefit in this regard, that benefit wanes over time.

77. At the time of the attempted termination of Dr. Luxton, neither the Governor nor the WDVA had adequate evidence to substantiate their allegations that the vaccine stopped or substantially inhibited virus transmission, despite Dr. Luxton's repeated requests for that data.

78. On October 5, 2021, the day Dr. Luxton received his denial of accommodation, his supervisor pressured him to notify his supervisees that he would be terminated on October 18th and that she intended to publicly post his position open for recruitment before his termination date.

79. Defendant threatened to and did publicly advertise Dr. Luxton's position as open for recruitment after he was granted an exemption and prior to his termination on October 18, 2021, forcing him to disclose his status and explain to his supervisees, professional colleagues, and others why he was to no longer to be in the position.

## CAUSES OF ACTION AGAINST THE DEPARTMENT

### FIRST CAUSE OF ACTION
### (Breach of Contract)

80. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

81. There existed, and exists, a binding contract between the WDVA and Dr. Luxton.

82. Dr. Luxton fully performed his obligations under the contract.

83. The WDVA breached its agreement Dr. Luxton.

84. The WDVA further breached its agreement with Dr. Luxton by requiring a new employment term which was not bargained for. *See* Police Benevolent Association of the City of New York v. City of New York, *et al.* New York Supreme Court, New York County, September 23, 2022.

85. Dr. Luxton has been damaged by this breach.

### SECOND CAUSE OF ACTION
### (Violation of Wash. Const. Art. I, Sec. 11 and the First Amendment of the United States Constitution)

86. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

14

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

87. Dr. Luxton holds an "Absolute freedom of conscience in all matters of religious sentiment, belief, and worship, shall be guaranteed to every individual, and no one shall be molested or disturbed in person, or property, on account of religion."

88. Dr. Luxton has been disturbed in both his person and property on account of his religion.

89. Even if the vaccine did prevent transmission, the policy at issue here is not "narrowly tailored," it does not achieve a compelling purpose using the "least restrictive means."

90. Dr. Luxton has been damaged in an amount to be proved at trial.

### THIRD CAUSE OF ACTION
### (Violation of the Washington Law Against Discrimination)

### Perceived Physical Disability

91. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

92. The Washington Law Against Discrimination prohibits discrimination in the workplace for actual or perceived disability. Wash. Rev. Code § 49.60.180; *Taylor v. Burlington Northern Railroad Holdings,* 193 Wash.2d 611 (2019) (en banc).

93. A disability is defined as "a sensory, mental, or physical impairment that …(i) [i]s medically cognizable or diagnosable; or (ii) [e]xists as a record or history; or (iii) [i]s *perceived* to exist whether or not it exists in fact." Wash. Rev. Code § 49.60.040(7).

94. Disability is also an impairment that "affects one or more of the … body systems." Wash. Rev. Code § 49.60.040(7)(c)(i).

95. The EEOC has interpreted these rules to include protection for an actual or perceived immunological condition.

96. WLAD's definition of disability is broader than the definition in the ADA. *Pulcino v. Fed. Express Corp.,* 141 Wash.2d 629, 641 n.3 (2000).

97. Defendant perceived that Plaintiff had an impairment and/or disability that identified them as presenting a "significant risk of harm."

98. Defendant acted believing Plaintiff has a perceived physical disability of not having the best protection against COVID-19 in their bodies that conflicted with a stated job requirement defined by Defendant's vaccine mandate.

99. Defendant was aware of this conflict but did not explore any available reasonable alternatives for accommodating Plaintiff to resolve the conflict. *Suarez, supra.*

100. Defendant terminated Plaintiff due to his perceived physical disability.

101. Defendant's actions caused Plaintiff to suffer damages to be proven at trial, such actions being the actual and proximate cause of those damages.

### **Failure to Accommodate – Religious Belief**

102. Dr. Luxton realleges the above facts as if fully set forth herein.

103. Dr. Luxton holds sincere religious beliefs that prevent his injection with the COVID-19 vaccines.

104. WDVA was informed of Dr. Luxton's sincerely held religious beliefs.

105. WDVA responded by refusing to entertain any of Dr. Luxton's proposed accommodations, with the result that Dr. Luxton was forced to disregard his sincerely held religious beliefs or lose his rank, position, profession, and livelihood.

106. Strict scrutiny applies where fundamental rights are concerned.

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

107. Where the mandated vaccine does not prevent infection or transmission, even if viewed through a rational basis analysis, WDVA's actions, *and the continuance thereof*, are arbitrary and capricious.

108. Dr. Luxton has been damaged by having to elect between his livelihoods and his sincerely held religious beliefs.

## FOURTH CAUSE OF ACTION
### (Violation of the Washington Law Against Discrimination)

### Disparate Impact – Religious Belief

109. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

110. To the extent that WDVA's policy is facially neutral, it falls more harshly upon those within a protected class.

111. Dr. Luxton has been damaged by the disparate impact of the WDVA's policy.

## FIFTH CAUSE OF ACTION
### (Violation of the Washington Law Against Discrimination)

### Public Policy Against Religious Discrimination – Religious Belief

112. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

113. The Dr. Luxton holds sincere religious beliefs.

114. Defendant acknowledged and accepted the sincerity of the religious beliefs of Dr. Luxton.

115. Dr. Luxton was terminated for practicing his religion, which is a legal right of the Plaintiff.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

17

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

116. Dr. Luxton has the right to practice his religious beliefs free from discrimination.

117. Dr. Luxton is within a protected class, was discharged by the Defendant, and was performing his job in a satisfactory manner.

118. Dr. Luxton's termination was a pretext for religious discrimination.

119. Dr. Luxton's terminations violate a precept of public policy that prohibits employment discrimination that is forbidden by federal and state law.

## SIXTH CAUSE OF ACTION
### (Public Policy Tort Claim Against Religious Discrimination – Religious Belief)

120. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

121. Dr. Luxton holds sincere religious beliefs.

122. Defendant acknowledged and accepted the sincerity of the religious beliefs of Dr. Luxton.

123. Dr. Luxton was terminated for practicing his religion, which is a legal right of Dr. Luxton.

124. Dr. Luxton was terminated in retaliation for exercising his religious beliefs.

125. Dr. Luxton had employment agreements that he could only be terminated for just cause.

126. Dr. Luxton's terminations violate a precept of public policy that prohibits employment discrimination without just cause.

127. Dr. Luxton had employment agreements containing express or implied provisions that he would be employed so long as he satisfactorily performed the services expected of him, protecting him from discharge for reasons other than good faith dissatisfaction by the employer.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

18

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

128. Dr. Luxton has a tort action for damages to redress injuries and damages caused by his termination and is entitled to judgment therefor.

## SEVENTH CAUSE OF ACTION
### (Violation of Right to be Free From Arbitrary and Capricious Action)

129. Dr. Luxton here realleges the allegations set forth above in this Complaint.

130. Dr. Luxton has, and had, a "fundamental right" "to be free from arbitrary and capricious government action. *Pierce Cnty. Sheriff v. Civ. Serv. Comm'n of Pierce Cnty.*, 98 Wash.2d 690, 693–94 (1983).

131. It was arbitrary and capricious for the WDVA to require a vaccine that does not stop transmission.

132. It was arbitrary and capricious for the WDVA to not accommodate Dr. Luxton.

133. Dr. Luxton has been adversely impacted by the Defendant's arbitrary and capricious conduct.

134. Dr. Luxton has been damaged in an amount to be proved at trial.

## EIGHTH CAUSE OF ACTION
### (Violation of Wash. Const. Art. I, Sec. 7)

135. Dr. Luxton here realleges the allegations set forth above in this Complaint.

136. The Washington State Constitution guarantees a privacy right to bodily autonomy.

137. Dr. Luxton was wrongfully terminated for exercising that constitutional right.

138. Dr. Luxton has been damaged by that wrongful termination in an amount to be proven at trial.

## NINTH CAUSE OF ACTION
### (Deprivation of Life, Liberty, or Property, Wash. Const. Art. I, Sec. 3)

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

19

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

139. Dr. Luxton realleges the above facts as if fully set forth herein.

140. No person shall be deprived of life, liberty, or property, without due process of law. Wash. Const. art. I, § 3.

141. Dr. Luxton suffered loss of pension rights and benefits, both actual and future, as a direct result of the actions of Defendant.

142. Public employees have a property interest in their pensions, which cannot be altered to the material disadvantage of the employee. *Eagan v. Spellman,* 90 Wash.2d 248 (1978).

143. Public employees have a property interest in their employment, cannot be terminated without "just cause," and cannot be terminated without due process, which includes and requires a right to a hearing. *Board of Regents v. Roth*, 408 U.S. 564 (1972); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985).

144. Defendant's actions caused Dr. Luxton to suffer damages to be proven at trial, such actions being the actual and proximate cause of those damages.

### TENTH CAUSE OF ACTION
### (Violation of the Equal Protection Clause of the Wash. Const. Art. I, Sec. 3)

145. Dr. Luxton realleges the above facts as if fully set forth herein.

146. WA Const. art. I, §. 3, states that "No person shall be deprived of life, liberty, or property without due process of law."

147. If a law neither burdens a fundamental right nor targets a suspect class, it will be upheld so long as it bears a rational relation to some legitimate end. *Romer v. Evans,* 517 U.S. 620, 631 (1996).

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

20

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

148. There was no rational relation to some legitimate government end because the action taken – termination of the unvaccinated – did not further the interest of reducing the spread of COVID-19 given that the vaccinated and the unvaccinated both contract and transmit COVID-19.

149. In fact, people who are vaccinated for COVID-19 are more likely to become infected with and spread COVID-19 than are people who have recovered from COVID-19 and have natural immunity.

150. Defendant has treated different classes of people unequally, with the protected class of religious objectors not coincidentally adversely impacted by the actions of Defendant.

151. The actions of Defendant, on its face and as applied, was not rationally related to a legitimate end.

152. The actions of Defendant have caused, is causing, and will continue to cause irreparable harm and actual and undue hardship to Plaintiff.

153. Defendant's actions caused Dr. Luxton to suffer damages to be proven at trial, such actions being the actual and proximate cause of those damages.

### ELEVENTH CAUSE OF ACTION
### (Wage Theft)

154. Dr. Luxton realleges the above facts as if fully set forth herein.

155. Defendant has, willfully and with the intent to deprive, failed to pay wages to the Plaintiff since the date of his respective terminations.

156. Defendant was aware at the time of termination that Dr. Luxton was being treated differently than secular and non-medical objectors by requiring religious and medical

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

21

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

objectors to receive a vaccine to prevent infection, knowing that both the vaccinated and the unvaccinated both contracted and spread the COVID-19 virus equally, and affirmatively elected to ignore the established science.

157.  Defendant has authority and control over the employment status and payment of wages to Dr. Luxton.

158.  Dr. Luxton has not knowingly submitted to the deprivation of wages.

159.  Defendant's actions caused Dr. Luxton to suffer damages by the deprivation of wages and other benefits, including pensions. Defendant's actions are the actual and proximate cause of Dr. Luxton's damages.

**TWELFTH CAUSE OF ACTION**
**(Violation of the "Takings Clause" of the U.S. Const. Amend. V; Wash. Const. Art. I, Sec. 16)**

160.  Plaintiff here realleges the allegations set forth above in this Complaint.

161.  Both the United States and the Washington Constitutions prohibit the taking of private property for public use without just compensation. U.S. Const. amend. V; Wash. Const. art. I, §16; *see Lingle v. Chevron U.S.A., Inc.,* 544 U.S. 528, 536-37 (2005) (characterizing the takings clause as placing a *condition* on the exercise of the power to take private property).

162.  Plaintiff was deprived of wages, pension rights, and other contractual benefits of employment by the wrongful actions of Defendant.

163.  "A regulation that is otherwise a valid exercise of police power may go 'too far' in its impact on a property owner as to constitute a taking, requiring compensation." *Instacart v. City of Seattle,* No. 99771-3 at 27-28 (Wash. Sup. Ct. Feb. 9, 2023) (quoting *Chong*

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES
22
**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

*Yim v. City of Seattle,* 194 Wn.2d 651, 658-59 (2019) (quoting *Pa. Coal Co. v. Mahon,* 260 U.S. 393, 415 (1922)), *Chevron,* 544 U.S. at 543 (holding that an inquiry into a regulation's validity is "logically prior to and distinct from the question whether a regulation effects a taking, for the Takings Clause presupposes that the government has acted in pursuit of a valid public purpose.").

164. Intangible property rights, including valid contracts, are protected by the takings clause. *Id.*

165. Plaintiff had an employment contract with the Defendant that constitutes property for the purposes of the takings clause. Plaintiff has a claim for damages to redress injuries and damages caused by his termination the taking of his property and is entitled to judgment therefor.

## THIRTEENTH CAUSE OF ACTION
### (Violation of Title VII of Civil Rights Act)

### Perceived Physical Disability

166. Dr. Luxton here realleges the allegations set forth above in this Complaint as if fully set forth herein.

167. Title VII of the Civil Rights Act of 1964, combined with the Americans with Disability Act (ADA) prohibits discrimination in the workplace based on an actual or perceived disability. The EEOC has interpreted these rules to include protection for an actual or perceived immunological condition.

168. Plaintiff Dr. Luxton has a perceived physical disability that conflicted with a stated job requirement of Defendant's mandatory vaccine policy.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

23

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

169. Defendant was aware of this conflict but did not explore any available reasonable alternatives for accommodating Plaintiff and it refused to consider the accommodations Plaintiff proposed, none of which would have imposed a substantial burden on Defendant.

170. Defendant terminated Plaintiff due to his perceived physical disability.

171. Defendant's actions caused Plaintiff to suffer damages to be proven at trial, such actions being the actual and proximate cause of those damages.

### Failure to Accommodate – Religious Belief

172. Dr. Luxton realleges the above facts as if fully set forth herein.

173. Title VII of the Civil Rights Act of 1964 forbids an employer from firing someone because of a conflict between the person's religious belief or observance and an employment requirement.

174. Defendant found that Dr. Luxton has a sincere religious belief that prevents his injection with the COVID-19 vaccines.

175. WDVA responded by refusing to consider any of Dr. Luxton's proposed accommodations, with the result that Dr. Luxton was forced to disregard his sincerely held religious beliefs or lose his rank, position, profession, and livelihood.

176. Strict scrutiny applies where fundamental rights are concerned.

177. Defendant did not identify an undue burden.

178. Where the mandated vaccine does not prevent infection or transmission, even if viewed through a rational basis analysis, WDVA's actions, *and the continuance thereof*, are arbitrary and capricious.

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

24

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

1    179.   Dr. Luxton has been damaged by having to elect between his livelihoods and his sincerely

2           held religious beliefs.

3    180.   Defendant's actions caused Plaintiff to suffer damages to be proven at trial, such actions

4           being the actual and proximate cause of those damages.

5           ///

6           ///

7           ///

8           ///

9           ///

10          ///

11          ///

12          ///

13          ///

14          ///

15          ///

16          ///

17          ///

18          ///

19          ///

20          ///

21          ///

22          ///

23          ///

24          ///

25          ///

26

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221

# V. **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Dr. Luxton prays for the following relief against the Defendant:

1. For judgment in Dr. Luxton's favor and against the Washington Department of Veterans Affairs.

2.  A money judgment in the amount of withheld wages, as broadly defined by statute and caselaw, unpaid from October 18, 2021, through the date of judgment.

3. Double damages as authorized by Wash. Rev. Code § 49.52.070.

4. A money judgment for all other losses resulting from the acts and omissions complained of herein.

5.  Pre- and post-judgment interest as authorized by statute.

6. Attorney fees as authorized by state and federal statute.

7. That Dr. Luxton be granted such other, further, and different relief as the nature of the case may require or as may be just, equitable and proper to this Court.

DATED this 20th day of March 2023.

**ARNOLD & JACOBOWITZ**

*s/ Nathan J. Arnold*
Nathan J. Arnold, WSBA #45356
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221
Nathan@CAJLawyers.com
*Counsel for Plaintiff*

COMPLAINT FOR DECLARATORY RELIEF
AND FOR DAMAGES

26

**ARNOLD & JACOBOWITZ PPLC**
8201 164th Avenue NE, Suite 200
Redmond, WA 98052
(206) 799-4221